```
               UNITED STATES BANKRUPTCY COURT
             EASTERN DISTRICT OF NORTH CAROLINA
                      RALEIGH DIVISION
```

IN RE:                                         CASE NO.

IV SPORTSPLEX LLC                              05-02207-5-ATS

    DEBTOR

## ORDER ALLOWING OBJECTION TO CLAIM

The matter before the court is the debtor's objection to the claim filed by Sportsplex Ventures, LLC. A hearing took place in Raleigh, North Carolina on March 2, 2006.

IV Sportsplex LLC filed a petition for relief under chapter 11 of the Bankruptcy Code on May 25, 2005. Sportsplex Ventures filed a proof of claim, Claim No. 21, on July 18, 2005, asserting a secured claim in the amount of $100,000. The debtor objected to the claim, contending that the security interest was not properly perfected and the claim should be allowed as unsecured.

Sportsplex Ventures' claim arises out of its sale of assets to the debtor in 2003. IV Sportsplex purchased the assets for a total sale price of $300,000, with $200,000 paid in cash and the remainder represented by a note in the amount of $100,000. According to Sportsplex Ventures, the debtor was to have recorded the financing statement to perfect its lien on the assets; however, the financing statement was never recorded. Though the debtor originally scheduled its debt to Sportsplex Ventures as secured, it amended its schedules on

July 12, 2005, to show the debt as unsecured, and it treated the claim as unsecured in its confirmed plan.

Sportsplex Ventures contends that its claim should be treated as secured based on equitable principles, because the debtor agreed to record the financing statement and it should not benefit from its failure to do so. The debtor contends that there is no admissible evidence that the debtor agreed to record the financing statement, that equity will not allow the court to create a perfected security interest where none exists, and that Sportsplex Ventures is collaterally estopped from contesting the terms of the confirmed plan.

In support of its position, Sportsplex Ventures relies on Associates Commercial Corp. v. Green (In re Humphries), 1 B.R. 82 (Bankr. D. Utah 1979). In that case, the court relied on Commerce Bank v. Chambers, 519 F.2d 356 (10th Cir. 1975), and found that where a debtor had the exclusive control over the registration of a certificate of title reflecting a creditor's lien, and the creditor had done all that was required of it to perfect the lien, the creditor should not be penalized for the debtor's failure to comply with his statutory responsibility. Humphries, 1 B.R. at 83-84. The Humphries court also noted that in cases with similar facts in which the creditor failed to take steps available to it to perfect its lien, the claim was found to be unsecured. 1 B.R. at 83, citing Lentz v. Bank of

Independence, 598 F.2d 1206 (10th Cir. 1979); In re Van Wyck, Nos. B-78-00324 and B-78-00325 (Bankr. D. Utah 1979).

This case is clearly distinguishable from Humphries. Even accepting Sportsplex Ventures' assertion that the debtor agreed to file the financing statement, which the debtor denies, there was nothing that prevented Sportsplex Ventures from filing the financing statement. In fact, North Carolina General Statute § 25-9-509 specifically provides that a debtor's becoming bound as a debtor by a security agreement authorizes the filing of the financing statement with respect to the collateral in the security agreement. N.C. Gen. Stat. § 25-9-509(a) and (b). Had Sportsplex Ventures been prudent, it would have timely discovered the debtor's failure to file the financing statement and taken steps to record it itself. It is also noteworthy that in Humphries, the court observed that no third party would be prejudiced by allowing the creditor's secured claim. In this case, a party searching the public records could not have determined that Sportsplex Ventures claimed a security interest in the collateral, and it cannot be said that no third party was prejudiced by the failure to file the financing statement. This set of facts does not move the court to invoke its equitable powers to perfect a security interest that is otherwise unperfected.[1]

---

[1] In this instance, the court could not use its equitable powers to reach the creditor's requested result. "[T]he equitable powers that a bankruptcy court possesses 'are not a license . . . to disregard the

Finally, the court agrees with the debtor that Sportsplex Ventures is bound by its treatment in the confirmed plan.  While it is well established that liens pass through bankruptcy proceedings unaffected, see Dewsnup v. Timm, 502 U.S. 410, 417, 112 S. Ct. 773, 778 (1992), "[a] secured creditor who participates in the reorganization may also lose its lien by confirmation of a reorganization plan which does not expressly preserve the lien." Federal Deposit Insurance Corp. v. Union Entities (In re Be-Mac Transport Co., Inc.), 83 F.3d 1020, 1025 (8th Cir. 1996).  In a case in which the creditor participates, the default rule is that "unless the plan of reorganization, or the order confirming the plan, says that a lien is preserved, it is extinguished by the confirmation." In re Penrod, 50 F.3d 459, 463 (7th Cir. 1995).

Sportsplex Ventures participated in the bankruptcy and received several notices of the debtor's treatment of its claim as unsecured.  In July 2005, the debtor amended its schedules to reflect the claim as unsecured; after the amendment, Edward Rosen of Sportsplex Ventures contacted the debtor's attorney and was advised that the claim was

---

clear language and meaning of the bankruptcy statutes and rules.'" Coleman v. Community Trust Bank (In re Coleman), 426 F.3d 719, 726 (4th Cir. 2005) (citations omitted).  In Coleman, the debtor sought to avoid fraudulent transfers that she made to the bank in an effort to hinder another creditor, and the court held that the transfers were avoidable in their entirety under the Bankruptcy Code, and could not remain in effect as between the debtor and the bank.  In this case, the Code clearly gives the debtor the power to treat the unperfected security interest as unsecured, and the court's equitable powers do not allow it to disregard the statutory provisions.

unsecured because the financing statement was not filed.  Mr. Rosen was served with the debtor's Emergency Motion for Authority to Incur Post-Petition Secured Debt, which was filed on August 18, 2005, and specifically stated that Sportsplex Ventures held an unperfected lien on the debtor's personal property.  Sportsplex Ventures' attorney filed a notice of appearance on September 27, 2005.  Mr. Rosen was served with the debtor's motion to sell assets free and clear of liens, which was filed on October 13, 2005, and also stated that Sportsplex Ventures failed to perfect its claimed security interest and did not propose to disburse any funds from the sale to Sportsplex Ventures.  Finally, and most importantly, the ballot report filed by the debtor reflects that Sportsplex Ventures balloted in favor of the debtor's first plan of reorganization, which treated its claim as unsecured in the amount of $100,000.[2]  The plan was confirmed on January 4, 2006.

In sum, the court concludes that no financing statement was filed, and no equitable considerations support a finding that Sportsplex Ventures is secured.  Further, Sportsplex Ventures is bound by the terms of the confirmed plan, to which it not only failed to object, but voted to accept.  See First Union Commercial Corp. v. Nelson, Mullins,

---

[2] The plan that was ultimately confirmed was the debtor's amended plan with two modifications, but the treatment of Sportsplex Ventures was the same, and the amended plan was not required to be re-balloted. The order confirming plan states that acceptance of the plan prior to the modifications shall be deemed to be acceptance of the modified plan.

Riley and Scarborough (In re Varat Enterprises, Inc.), 81 F.3d 1310, 1317 (4th Cir. 1996) ("Under the Bankruptcy Code, a confirmed plan of reorganization acts like a contract that is binding on all of the parties, debtor and creditors alike."); Piedmont Trust Bank v. Linkous (In re Linkous), 990 F.2d 160, 162 (4th Cir. 1993) (bankruptcy court's order of confirmation is treated as a final judgment with res judicata effect). Accordingly, the debtor's objection to Sportsplex Ventures' secured claim is **ALLOWED**, and the claim shall be treated as unsecured.

**SO ORDERED.**

**DATED:  March 9, 2006**

A. Thomas Small
United States Bankruptcy Judge